IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TUAN DO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-02372 |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY a/k/a GREAT AMERICAN | § | |
| INSURANCE GROUP | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

# ORDER

Before the Court is Defendant Great American Insurance Company's ("Great American") Motion to Enforce Settlement. (Doc. No. 5). Having reviewed the briefing, the record, and the applicable law, the Motion is hereby GRANTED.

This case involves an insurance dispute between Great American and Plaintiff Tuan Do ("Do"), who is a Great American policy holder. Do sued Great American in state court after Great American ceased his benefits payments. Great American removed the case on the basis of diversity jurisdiction (Doc. No. 1). After removal, the parties began settlement negotiations and reached a settlement, confirmed by email offer and acceptance between counsel of record. Nevertheless, Do has since refused to go forward with the settlement reached. Great American now requests an order enforcing the parties' settlement agreement and dismissing this case. (Doc. No. 5). The deadline to respond has passed, and Do has failed to respond to Great American's Motion to Enforce Settlement Agreement. Local Rule 7.4 of the Southern District of Texas holds that the failure to

file a response opposing a motion "will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; *see also* Hanen L.R. 7(D).

## ANALYSIS

The Fifth Circuit has recognized that "a district court has inherent power to recognize, encourage, and when necessary, enforce settlement agreements reached by the parties." *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020) (cleaned up). A federal court sitting in diversity applies the law of the forum state when deciding whether to enforce a settlement agreement. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 266 (5th Cir. 1995). "More specifically, the enforceability of a settlement agreement in a diversity case tried in a federal district court in Texas is governed by the provisions of Rule 11 [of the] Texas Rules of Civil Procedure." *Borden v. Banacom Mfg. & Mktg., Inc.*, 698 F. Supp. 121, 123 (N.D. Tex. 1988). Under Rule 11, a settlement agreement is enforceable only if it is (1) in writing; (2) signed; and (3) filed as part of the record. *See* TEX. R. CIV. P. 11. All three requirements are easily met here.

First, the "in writing" requirement is met when there is "a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony." *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) (quotation omitted). An email exchange satisfies the "in writing" requirement so long as it contains the material details and essential elements of the parties' agreement. *See Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health & Hum. Servs.*, 540 S.W.3d 553, 561 (Tex. 2018) (finding that an email agreement satisfied Rule 11's "in writing" requirement); *Limon-Hernandez v. Target Corp.*, No. 3:19-CV-2817-N, 2021 WL 3812159, at *1 (N.D. Tex. Mar. 10, 2021) (same). In this case, lawyers for both parties provided email confirmation that the terms of the proposed settlement terms were

acceptable. On July 26, 2023, Great American's counsel offered settlement, stating "I can offer $25,000 which is my top authority." On August 8, 2023, Do's counsel accepted, stating "This email confirms our acceptance of settlement for this case for your top offer of $25,000.00."

Second, Rule 11 requires the writing be signed. Courts have held that a name or email address in the "from" field of an email satisfies the signed writing requirement. *See Limon-Hernandez*, 2021 WL 3812159, at *2 (determining that email agreements between the parties' counsel satisfied the signing requirement "[b]ecause the 'from' field functions to identify the sender of the email and authenticate the email"); *see also Khoury v. Tomlinson*, 518 S.W.3d 568, 576 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (holding that the name or email address in the "from" field satisfied the Texas Uniform Electronic Transactions Act's signature requirement). Here, the names and email addresses of the lawyers are readily apparent in the "from" field of the email exchange. (Doc. No. 5-2 at 1). Even more persuasive is the fact that each lawyer typed his/her name under the text of each email, indicating that the parties fully intended to conduct the settlement transaction by electronic means.

Third, the relevant email exchange and settlement agreement has been filed as part of the record. *See* (Doc. No. 5-2); *see also Wagner v. NewRez, LLC,* No. 3:22-CV-00257, 2023 WL 3262059 (S.D. Tex. May 2, 2023), report and recommendation adopted, No. 3:22-CV-00257, 2023 WL 3587552 (S.D. Tex. May 22, 2023) (finding that settlement documents attached as exhibits to defendant's Motion to Enforce Settlement was sufficient to satisfy this third requirement of Rule 11). Because the settlement agreement between Do and Great American is in writing, signed, and filed as part of the record, a valid and enforceable settlement exists under Texas state law. Even if the Plaintiff had filed a response in opposition, the Court would reach the same conclusion.

## CONCLUSION

For the reasons set forth above, the Motion to Enforce Settlement Agreement is GRANTED. The document titled Exhibit A.1 (Doc. No. 5-2) contains the essential terms of the settlement, and both parties should be required to comply with those terms. Do's claims brought in this lawsuit should be dismissed with prejudice to refiling.

Signed at Houston, Texas, this 25th day of October, 2023.

_____
Andrew S. Hanen
United States District Judge